UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PEDRITO ENCARNACION, et al.,

    Plaintiffs,

v.                                         Case No.: 8:09-cv-68-T-23MAP

FEDEX GROUND PACKAGE
SYSTEM, INC.,

    Defendant.
_____/

**O R D E R**

Seven of the defendant's former delivery drivers sue (Doc. 1) the defendant for breach of contract and for a declaration that the arbitration clause in the defendant's "Standard Contractor Operating Agreement" is unconscionable. The plaintiffs assert only state law claims, and the Declaratory Judgment Act provides no basis for federal question jurisdiction pursuant to 28 U.S.C. § 1331. See Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671 (1950) ("'The operation of the Declaratory Judgment Act is procedural only.' Congress enlarged the range of remedies available in the federal courts but did not extend their jurisdiction."). Thus, 28 U.S.C. § 1332 offers the only apparent basis for subject matter jurisdiction.

Conferred and defined by statute, subject matter jurisdiction "cannot be created by the consent of the parties nor supplanted by considerations of convenience and efficiency." Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000)

(citations omitted). Accordingly, before addressing the merits of a case, a district court has an "independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006). As the party seeking the federal forum, the plaintiff must establish subject matter jurisdiction. See Lowery v. Alabama Power Co., 483 F.3d 1184, 1207 (11th Cir. 2007).

Because the complaint alleges neither diversity of citizenship nor the requisite amount in controversy, a June 5, 2009, order (Doc. 34) directs the parties to show cause in writing why this action should not be dismissed for lack of subject matter jurisdiction. In response, the plaintiffs move (Doc. 36) to amend the complaint to add jurisdictional allegations. The proposed jurisdictional allegations state that each plaintiff is a resident of Florida, that the defendant's principal place of business is in Pittsburgh, Pennsylvania, and that "[t]he cause of action of each of the individual Plaintiffs, without aggregation and exclusive of interest and costs, involves a claim which exceeds the sum of $75,000.00." (Doc. 35 at 5) In addition, the amended complaint adds a conclusory allegation that subject matter jurisdiction exists "as to the Plaintiffs' claims herein pursuant to 28 U.S.C. § 1332(a)(1) (Diversity)." (Doc. 35 at 4) In response to the order to show cause, the defendant states only that "Plaintiffs seek to amend the complaint to include jurisdictional allegations, and [the defendant] does not oppose such an amendment." (Doc. 37) But see Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000) (noting that the plaintiffs must establish subject matter jurisdiction "even though defendants do not dispute that this case involves the requisite amount in

controversy for diversity jurisdiction"). At a July 1, 2009, hearing, the court granted the motion to amend and afforded each party the opportunity to present argument and evidence, both testimony and exhibits, to establish subject matter jurisdiction.

### Diversity Jurisdiction

Pursuant to 28 U.S.C. § 1332(a), a district court has original jurisdiction over a civil action if the parties are "citizens of different States"[1] and the amount in controversy exceeds $75,000.00.  As the party asserting federal jurisdiction, the plaintiff must establish that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  The claims of several plaintiffs for separate and distinct injuries may not be aggregated to meet the amount in controversy.  See Snyder v. Harris, 394 U.S. 332 (1969).  In this case, each plaintiff signed a separate operating agreement with the defendant, and varying factual circumstances attend both the initiation and the termination of each plaintiff's agreement with the defendant.  Accordingly, because each plaintiff allegedly suffered distinct injury, each plaintiff must establish distinctly that the amount of the plaintiff's distinct claim exceeds $75,000.00.  See Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1262-71 (11th Cir. 2000).

In the amended complaint, the plaintiffs allege that "[t]he cause of action of each of the individual Plaintiffs, without aggregation and exclusive of interest and costs,

---

[1] "To be a citizen of a State within the meaning of section 1332, a natural person must be both a citizen of the United States and a domiciliary of that State." Mas v. Perry, 489 F.2d 1396, 1399 (5th Cir. 1974) (citations omitted).  Domicile requires both permanent residency within a state and an intention to return to the state whenever absent.  Mas, 489 F.2d at 1399.  Thus, mere residence in the state is insufficient.  Mas, 489 F.2d at 1399.  Although the diversity statute requires allegations of citizenship, the amended complaint alleges only that each plaintiff is a Florida resident.  This defect provides an alternative basis for dismissal.

involves a claim which exceeds the sum of $75,000.00." The July 1, 2009, hearing affords the parties an opportunity to offer evidence to support this conclusory allegation. At the hearing, the plaintiffs offered only an unsworn, unsubstantiated "spreadsheet" that purports to calculate the damages sought by each plaintiff. The spreadsheet apparently relies on the opinion of an expert whose credentials are unstated and whose unsworn "opinion" (or, at least, the fragment of the opinion offered in this case) is based on, at best, information unsubstantiated in this record. The spreadsheet relies on the expert's estimate of the maximum[2] value of different delivery routes for different plaintiffs in a different case.[3] At the hearing, the plaintiffs demonstrated neither the relevance, the admissibility, nor the reliability of any dollar amount listed on the "damage calculation" spreadsheet. In the form and with the

---

[2] At the hearing, the plaintiffs admitted that the spreadsheet (which states that it is "for settlement purposes only") identifies the maximum possible damages sought by the plaintiff. The settlement demand fails to inform the issue of the amount in controversy. See Standridge v. Wal-Mart Stores, Inc., 945 F. Supp. 252, 256-57 (N.D. Ga. 1996) (noting that a "plaintiff's letter is nothing more than posturing by plaintiff's counsel for settlement purposes and cannot be considered a reliable indicator of the damages" sought by the plaintiff). Furthermore, the plaintiffs fail to establish even the plausibility of the estimated value of each plaintiff's claim. The plaintiffs stated that the "last annual settlement" represents each plaintiff's "gross revenue" from the most recent year (in the case of the plaintiff Pedrito Encarnacion, the most recent year reported on the attached Form 1099 is 2002). The plaintiffs fail to establish why gross revenue is a reasonable estimate for the damage suffered by a delivery driver operating as an independent contractor (who presumably must pay for business expenses such as gasoline and vehicle maintenance).

Additionally, the amended complaint states that one plaintiff was "non-renewed" (instead of terminated) and that several plaintiffs were terminated shortly before the expiration of their annual operating agreements. The plaintiffs show neither the relevance of an annual "gross revenue" to estimate the value of each plaintiff's claim nor the reliability of damage calculation that uses an expert's "multiplier" from a different market in a separate case. Finally, although 28 U.S.C. § 1332 excludes interest and costs from the amount in controversy, the spreadsheet purports to include pre-judgment interest as part of each plaintiff's claim. See State Farm Mut. Auto. Ins. Co. v. Narvaez, 149 F.3d 1269, 1270-72 (10th Cir. 1998).

[3] Five of the plaintiffs offered a Form 1099-MISC showing the "non-employee compensation" each plaintiff received from the defendant. The "non-employee compensation" on each Form 1099 is listed on the spreadsheet as the "last annual settlement." Thus, the Forms 1099 provide no additional information not already included in the spreadsheet.

- 4 -

content offered, the spreadsheet is not "evidence" at all. Perhaps the most reliable estimate of the amount in controversy appears in the amended complaint, which states that the arbitration clause in the operating agreement is unfair "because even if successful [the plaintiff Eric Schaub] would pay more in arbitration costs, $8,566.00, exclusive of his own attorney's fees, than the value of his claim." (Doc. 35 at 9)

## Conclusion

Despite an opportunity to show jurisdiction, first, in the initial pleading; second, in response to an order (Doc. 34) directing the parties to show cause why the action should not be dismissed; and, third, at a hearing the stated purpose of which was to allow each party "to present argument **and evidence, both testimony and exhibits**, to establish subject matter jurisdiction" (Doc. 38), the record contains no basis for jurisdiction. Three chances is enough.

Characterizing himself at the hearing as "experienced" in "these cases," the plaintiffs' counsel acknowledged his familiarity with this forum's basic jurisdictional rules, including Eleventh Circuit precedent concerning the aggregation rules for determining the amount in controversy. Nevertheless, the plaintiffs present only the unsubstantiated conclusion of an expert and provide a damages estimate deprived of context. At the hearing, the plaintiffs' counsel both admitted that the damages estimate represents the maximum possible damages and stated that the estimate was the opinion of an expert who testified for the defendant in a separate case.

The plaintiffs fail to produce any admissible evidence or other matter of record establishing the amount in controversy. Accordingly, pursuant to Rule 12(b)(1), Federal

Rules of Civil Procedure, this action is **DISMISSED** for lack of subject matter jurisdiction. The Clerk is directed to (1) terminate any pending motion and (2) close the case.

ORDERED in Tampa, Florida, on July 6, 2009.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE